UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin Harrington

    v.

Warden, Northern New Hampshire
Correctional Facility

Civil No. 21-cv-850-JL

### REPORT AND RECOMMENDATION

Petitioner Kevin Harrington has filed a petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254. Mr. Harrington has also filed additional documents (Doc. Nos. 4-20, 22, 23, 25-38), each of which the Court construes as an addendum to Mr. Harrington's habeas petition for all purposes. The matter is before this Magistrate Judge for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules") and LR 4.3(d)(4). Also before the undersigned are Mr. Harrington's motion to stay (Doc. No. 21) and "Motion to Suit" (Doc. No. 24).

### Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that may be brought in a federal habeas action. See McFarland v.

Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner is proceeding pro se, the assertions contained in his petition and other filings are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On March 13, 2020, Mr. Harrington was convicted in the Merrimack County Superior Court ("MCSC"), after a jury trial, on charges of felony sexual assault, burglary, simple assault and false imprisonment.  See State v. Harrington, No. 217-2019-CR-00891 (N.H. Super. Ct., Merrimack Cty.).  On June 22, 2020, the MCSC sentenced Mr. Harrington to serve five-to-fifteen-years in prison and imposed additional suspended consecutive and concurrent sentences.  See id.

On June 26, 2020, Mr. Harrington filed a motion to suspend that sentence, which the MCSC denied on June 30, 2020.  On July 20, 2020, Mr. Harrington filed a direct appeal of his convictions and sentences in the New Hampshire Supreme Court ("NHSC").  On March 8, 2021, the NHSC granted Mr. Harrington leave to file a motion for a new trial in the Superior Court, asserting claims that he was denied the effective assistance of counsel at his trial.  Mr. Harrington filed a motion for new trial on May 25, 2021.  The public docket of Mr. Harrington's

2

state criminal case indicates that his motion for a new trial was denied on or before October 6, 2021. The NHSC issued its briefing schedule in his direct criminal appeal on November 12, 2021. That appeal is still pending.

## Discussion

I. Claims Asserted Under 28 U.S.C. § 2254

A. Nature of § 2254 Claims

Under federal law, an individual in custody pursuant to a state court conviction and sentence may challenge the constitutionality of his conviction and/or sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Hill v. McDonough, 547 U.S. 573, 579 (2006); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Here, Mr. Harrington's filings assert claims challenging his conviction and sentence, including, among others, claims that his trial counsel failed to provide him with effective assistance of trial, that there was insufficient evidence presented at trial to support his conviction, that his

3

jury was tainted, and that his due process rights were violated before and during his trial. Mr. Harrington may bring such claims, which challenge, under federal law, the validity of his conviction, and thus the legality of his present incarceration, in a habeas action under 28 U.S.C. § 2254.

### B. Exhaustion of § 2254 Claims

To be eligible for federal habeas relief, Mr. Harrington must show that he has fully exhausted the remedies available to him in the state courts as to each of his federal claims, or that the state courts' corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). To do that, "a petitioner must pursue and await the results of all available appeals in state court before . . . [filing] a petition for habeas corpus in federal court." Batavitchene v. Clarke, No. 10-11854-DJC, 2011 WL 1297935 at *1, 2011 U.S. Dist. LEXIS 36682 at *4 (D. Mass. Apr. 5, 2011).

Here, Mr. Harrington's direct appeal is still pending in the NHSC. The state courts, therefore, have not yet been provided with a full opportunity to rule on Mr. Harrington's federal claims for habeas relief. Those claims, therefore, have not been fully exhausted and are not ripe for review in a § 2254 action in this court, and should be dismissed on that basis.

This matter may be dismissed without impairing Mr. Harrington's ability to file a timely federal habeas petition once he has fully exhausted all of his claims in the state courts, as the one-year time limit for filing a § 2254 action does not begin to run until his state criminal conviction is made final by the conclusion of his direct appeal of that conviction. See 28 U.S.C. § 2244(d)(1)(A). Accordingly, the district judge should dismiss Mr. Harrington's habeas action in its entirety, without prejudice to his ability to refile a new habeas action once his criminal conviction becomes final in the state courts.

## II.  Claims Asserted Under 42 U.S.C. § 1983

If a prisoner asserts civil claims challenging the constitutionality of the conditions of his confinement, or other alleged violations of his civil rights, whether he is seeking money damages or injunctive relief, such claims must be brought in a civil lawsuit filed under 42 U.S.C. § 1983. See Hill, 547 U.S. at 579; Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas

5

corpus] and may be brought pursuant to § 1983 in the first instance.").

In his filings here, Mr. Harrington asserts claims for monetary relief, alleging that other people have caused him harm. Those claims arise under § 1983, or another civil cause of action, as they do not challenge the legality of Mr. Harrington's conviction and sentence. Those claims cannot be asserted in this § 2254 case. Accordingly, the district judge should dismiss all of Mr. Harrington's claims challenging the conditions of his confinement, or seeking money damages or injunctive relief, without prejudice to Mr. Harrington's ability to litigate those claims in a separate § 1983 action in this Court, and/or a civil action in the state courts. To that end, in an Order issued simultaneously with this Report and Recommendation, the Court directs the Clerk's office to redocket Mr. Harrington's filings (Doc. Nos. 1, 4-38) as the initial pleading in a new civil case.

## **Motions**

Pending before the court are two motions (Doc. Nos. 21, 24) Mr. Harrington has filed asking the Court to amend this matter to add both habeas claims and civil claims for damages to his habeas petition, and to join defendants to this action. In both

motions, Mr. Harrington also asks the court to put this case "on hold" so that he doesn't lose the opportunity to be compensated by individuals who, he claims, have harmed him.

Because the habeas petition in this case should be dismissed as unexhausted and premature, and the civil claims Mr. Harrington has asserted here should be dismissed as they are not appropriately litigated in a habeas action, the district judge should deny Mr. Harrington's motions (Doc. Nos. 21, 24) as moot. To the extent Mr. Harrington seeks to add civil claims for money damages to this case, the district judge should deny the motions without prejudice to Mr. Harrington's ability to seek such relief in the new civil § 1983 action which this Court directs the Clerk's office to open in an Order issued this date, or in another civil action Mr. Harrington may bring in an appropriate state or federal court.

## Conclusion

For the reasons explained above, the district judge should:

1. dismiss Mr. Harrington's § 2254 petition (Doc. No. 1) as premature and unexhausted, without prejudice to his ability to challenge his conviction and/or sentence in this court in a new § 2254 action, after his conviction has become final in the state courts;

2. dismiss Mr. Harrington's claims challenging the conditions of his confinement, and other civil claims, seeking monetary and/or injunctive relief, without

7

prejudice to Mr. Harrington's ability to assert those claims in an action in this court brought pursuant to 42 U.S.C. § 1983, or in a civil action in state court; and

3. deny Mr. Harrington's pending motions (Doc. Nos. 21, 24) as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 27, 2022

cc: Kevin Harrington, pro se